# EXHIBIT C

Docusign Envelope ID: C5A2DBF8-27E6-4ED3-A6D5-C2F9373584FC

# VEHICLE BUYER'S AGREEMENT

Date:

| Buyer Name and Address | Co-Buyer Name and Address | Seller Name and Address |
|---|---|---|
| **RAMMJAEGER LLC**<br>124 W. Pine Street<br>Missoula, MT 59802<br><br>Phone:<br>Email: rammjaeger74@gmail.com | Email:<br>Phone:<br>Cell: | Classic Recreations - Texas LLC<br>3151 Justin Road<br>Flower Mound, TX 75028<br><br>Salesperson:<br><br>Dealer Number: P166236 |

THIS BUYER'S ORDER IS FOR THE FOLLOWING  ☐ NEW  ☒ USED  ☒ CAR  ☐ TRUCK    TO BE DELIVERED ON OR

| Year | Make | Model | Type | Trim | Color | Mileage | Stock # |
|---|---|---|---|---|---|---|---|
| 1967 | FORD | MUSTANG | | | Green | | N/A |

### TRADE IN RECORD 1

| YR. | MAKE | MODEL | TYPE |
|---|---|---|---|
| | | | |

| COLOR | TRIM | MILEAGE |
|---|---|---|
| | | |

VIN

| TITLE NO. | PLATE NO. | EXP. DATE |
|---|---|---|

| OWNER | | LOAN # |
|---|---|---|

| LIENHOLDER | | PHONE |
|---|---|---|

| ADDRESS , | | SPOKE WITH |
|---|---|---|

| AMOUNT | GOOD TILL | VERIFIED BY |
|---|---|---|

### TRADE IN RECORD 2

| YR. | MAKE | MODEL | TYPE |
|---|---|---|---|

| COLOR | TRIM | MILEAGE |
|---|---|---|

VIN

| TITLE NO. | PLATE NO. | EXP. DATE |
|---|---|---|

| OWNER | | LOAN # |
|---|---|---|

| LIENHOLDER | | PHONE |
|---|---|---|

| ADDRESS , | | SPOKE WITH |
|---|---|---|

| AMOUNT | GOOD TILL | VERIFIED BY |
|---|---|---|

### COLLISION COVERAGE

| NAME OF AGENT | | PHONE |
|---|---|---|

| ADDRESS , | | |
|---|---|---|

| POLICY NUMBER | | COLLISION DEDUCTIBLE |
|---|---|---|

| INSURANCE CO. | | SPOKE WITH |
|---|---|---|

| EFFECTIVE DATE | EXP. DATE | VERIFIED BY |
|---|---|---|

| | |
|---|---|
| VIN 7T01A137552 | |
| PRICE OF VEHICLE | $188700.00 |
| ACCESSORIES SERVICES, TAXES: | N/A |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| SERVICE CONTRACT | N/A |
| CASH PRICE | $0.00 |
| NET TRADE IN ALLOWANCE | N/A |
| CASH DOWNPAYMENT | $0.00 |
| OTHER DOWNPAYMENT | |
| UNPAID BALANCE | $0.00 |
| **DOCUMENTARY FEE | N/A |
| OTHER CHARGES: | |
| | |
| **This is a painted Carbon Fiber Shell. No paper plates were issued.** | |
| **Buyer acknowledges vehicle's incomplete condition.** | |

**A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS RELATING TO THE SALE. A DOCUMENTARY FEE MAY NOT EXCEED A REASONABLE AMOUNT AGREED TO BY THE PARTIES. THIS NOTICE IS REQUIRED BY LAW.
UN CARGO DOCUMENTAL NO ES UN CARGO OFICIAL. LA LEY NO EXIGE QUE SE IMPONGA UN CARGO DOCUMENTAL. PERO ÉSTE PODRÍA COBRARSE A LOS COMPRADORES POR EL MANEJO DE LA DOCUMENTACIÓN EN RELACIÓN CON LA VENTA. UN CARGO DOCUMENTAL NO PUEDE EXCEDER UNA CANTIDAD RAZONABLE ACORDADA POR LAS PARTES. ESTA NOTIFICACIÓN SE EXIGE POR

### NOTICE TO CREDIT BUYER
If Buyer(s) intends to finance this vehicle purchase on credit this Buyer's Order is an offer to purchase only. This Buyer's Order is not an agreement for the extension of credit.

| PRIOR CREDIT OR LEASE BALANCE | N/A |
|---|---|
| UNPAID BALANCE DUE | $0.00 |

**LAW** FORM NO. LAWTX-BOARB17_e (Rev. 10/17)
© 2017 The Reynolds and Reynolds Company

Buyer Initials _____  Co-Buyer Initials _____  Page 1 of 4

THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

USED CAR BUYERS GUIDE: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THE CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

GUÍA PARA COMPRADORES DE VEHÍCULOS USADOS. LA INFORMACIÓN QUE VE EN EL FORMULARIO DE LA VENTANILLA PARA ESTE VEHÍCULO FORMA PARTE DEL PRESENTE CONTRATO. LA INFORMACIÓN DEL FORMULARIO DE LA VENTANILLA DEJA SIN EFECTO TODA DISPOSICIÓN EN CONTRARIO CONTENIDA EN EL CONTRATO DE VENTA.

ALL WARRANTIES, IF ANY, BY A MANUFACTURER OR SUPPLIER OTHER THAN DEALER ARE THEIRS, NOT DEALER'S. ONLY SUCH MANUFACTURER OR OTHER SUPPLIER SHALL BE LIABLE FOR PERFORMANCE UNDER SUCH WARRANTIES, UNLESS DEALER FURNISHES BUYER WITH A SEPARATE WRITTEN WARRANTY OR SERVICE CONTRACT MADE BY DEALER ON ITS OWN BEHALF. DEALER NEITHER ASSUMES NOR AUTHORIZES ANY PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF ANY PRODUCTS.

UNLESS THE DEALER MAKES A WRITTEN WARRANTY ON ITS OWN BEHALF, OR ENTERS INTO A SERVICE CONTRACT WITHIN 90 DAYS FROM THE DATE OF THIS ORDER, THIS VEHICLE IS SOLD "AS IS" AND "WITH ALL FAULTS" AND THE DEALER MAKES NO WARRANTIES, EXPRESS OR IMPLIED, ON THE VEHICLE, AND THERE WILL BE NO IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. THIS PROVISION DOES NOT AFFECT ANY WARRANTIES COVERING THE VEHICLE THAT THE MANUFACTURER OR SUPPLIER MAY PROVIDE.

Buyer acknowledges that he has read, understands and accepts all of the provisions of this dealer warranty disclaimer covering the motor vehicle described.

AS BUYER OF THE PAGE 1 DESCRIBED VEHICLE, I UNDERSTAND AND AGREE THAT THE SELLER MAY MAKE A PROFIT ON THE SALE OF THE VEHICLE, ANY ADD-ON EQUIPMENT, INSURANCE PRODUCT, FINANCING, WARRANTY OR SERVICE CONTRACT, REPAIR, OR ANY OTHER PRODUCT OR SERVICE SOLD BY SELLER.

The Dealer's Inventory Tax charge is intended to reimburse the dealer for ad valorem taxes on its motor vehicle inventory. The charge, which is paid by the dealer to the county tax assessor-collector, is not a tax imposed on the consumer by the government, and is not required to be charged by the dealer to the consumer.

**Buyer agrees that this Agreement includes all of the terms and conditions on all pages of this Agreement hereof, that this Agreement cancels and supersedes any prior agreement including oral agreements, and as of the date below comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered by this Agreement. Buyer, by signing this Agreement, acknowledges that Buyer has read its terms and has received a true copy of this Agreement.**

**If Buyer is buying the Vehicle for cash (this includes a Buyer arranging Buyer's own financing from a party other than dealer), this Agreement is not binding upon either Dealer or Buyer until signed by an authorized Dealer representative.**

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 3 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _[signed: John]_  Co-Buyer Signs X _____

**BUYER HAS READ ALL PAGES OF THIS AGREEMENT AND AGREES TO ALL TERMS AND CONDITIONS IN THIS AGREEMENT.**

BUYER SIGNS X _[DocuSigned by: John]_  DATE 5/22/2025

CO-BUYER SIGNS X _____  DATE _____

MANAGER'S APPROVAL _[DocuSigned by: Bryan Stone]_  DATE 5/22/2025

(Must Be Accepted By An Authorized Representative of the Dealer)

Docusign Envelope ID: CCA2DBF8-27E6-4ED3-A6D5-C2E9373584FC

Case 25-32572-mvl11    Doc 51-3    Filed 07/23/25    Entered 07/23/25 13:30:55    Desc
Exhibit C - Vehicle Buyers Agreement    Page 4 of 5

**TERMS AND CONDITIONS**

1. These definitions apply to this Agreement:

    **"Agreement"** means the Vehicle Buyer's Order.
    **"Buyer"** means the party or parties executing this Agreement as such.
    **"Dealer"** means the authorized Dealer named on page 1 of this Agreement.
    **"Manufacturer"** means the manufacturer of the Vehicle.
    **"Trade-in"** is the used vehicle that Buyer intends to use as part of the consideration for the purchase price of the Vehicle or otherwise is to be transferred to Dealer.
    **"Vehicle"** is the vehicle or chassis that is the subject of this Agreement.

2. The Manufacturer may change the design of any vehicle, chassis, accessories, or parts at any time without notice. The Manufacturer may also make the same or any similar change upon any vehicle, chassis, accessories, or parts already bought by or shipped to Dealer or being manufactured or sold in accordance with Dealer orders. If the Manufacturer makes such a change, Dealer has no obligation to Buyer to notify Buyer or make the same or any similar change in the Vehicle or its parts either before or after Dealer delivers the Vehicle to Buyer. The Manufacturer may change the price of new vehicles without notice. If the Manufacturer changes the price of the new vehicle of the series and body type of the Vehicle before Dealer delivers it to Buyer, Dealer may change the price of the Vehicle to Buyer accordingly. If Dealer changes the price of the Vehicle, Buyer may cancel this Agreement and Dealer shall return the Trade-in to Buyer if the Trade-in remains available. Buyer agrees to pay Dealer reasonable storage and repair charges. If the Trade-in is unavailable, Dealer shall pay Buyer the Trade-in allowance less a sales commission of 15% and any expense in storing, insuring, conditioning or advertising the Trade-in for sale.

3. The Trade-in shall be appraised or re-appraised at the time it is delivered to Dealer. The appraised value will be the allowance for the Trade-in. If the reappraised value is lower than the amount shown in this Agreement, Buyer may cancel this Agreement. Buyer must exercise Buyer's right to cancel upon a change in the appraised value before Dealer delivers the Vehicle to Buyer and Buyer surrenders the Trade-in to Dealer.

4. Buyer shall give Dealer satisfactory evidence of title to any Trade-in upon delivery to Dealer. Buyer warrants any Trade-in to be Buyer's property, free and clear of all liens and encumbrances unless otherwise noted in this Agreement, and that the Trade-in has never had a salvage or "branded" title, been reconstructed, reconditioned, nonrepairable, rebuilt, flooded or had major mechanical damage that caused the reconstruction of the Trade-in. Buyer represents that the Trade-in's mileage shown in this Agreement is the actual mileage on the Trade-in. Buyer authorizes Dealer to rely on this representation in entering into this Agreement. If Buyer provides false information related to the Trade-in Buyer agrees to repurchase the Trade-in for the full allowance given to Buyer plus all costs incurred by Dealer in resolving the matter including but not limited to reconditioning costs, legal fees, court and collection costs. Buyer authorizes Dealer to sell the Trade-in without regard to whether the financing contingencies are satisfied as described below.

5. Except as permitted under **Sections 2** or **3** above, if Buyer fails or refuses to accept delivery of the Vehicle or comply with this Agreement, without limiting any other rights Dealer may have, Dealer may keep as liquidated damages any deposit made by Buyer, to the extent not prohibited by law. Dealer may also reimburse itself for any expenses and losses it incurs or suffers as a result of Buyer's failure or refusal to comply with this Agreement, including, without limitation, reasonable attorney's fees. Dealer isn't liable for failure to deliver or delay in delivering the Vehicle where such failure or delay is due, in whole or in part, to any cause beyond Dealer's control or without Dealer's fault or negligence.

6. The Vehicle price doesn't include sales taxes, use taxes or occupational taxes (federal, state or local) unless expressly so stated. Buyer agrees to pay, unless prohibited by law, any such taxes imposed on or that apply to the transaction reflected by this Agreement, regardless of who has primary liability for the tax.

7. If this Agreement shows a charge for credit insurance, this paragraph applies. The credit insurance provisions in any retail installment contract or lease Buyer may sign related to this Agreement will apply. If such credit insurance is wholly or partially unavailable under the designated policy, Dealer will deduct the applicable part of the credit insurance charge shown in this Agreement and the related finance charge from the total time balance. If such credit insurance does not become effective, Dealer will notify Buyer. This Agreement and any related retail installment contract or lease Buyer may sign shall otherwise remain fully effective, to the extent provided by applicable law.

8. Buyer agrees to sign such agreements or documents as Dealer may reasonably require to effect the terms and conditions of payment shown in this Agreement and to otherwise carry out the intent of this Agreement.

9. This Agreement is an agreement to buy the Vehicle. If there is a balance due, Buyer's obligation to buy and Dealer's obligation to sell the Vehicle are expressly conditioned upon Buyer obtaining financing for the balance due. Buyer has two business days from the date of this Agreement to obtain such financing. If Buyer pays Dealer with a check that is dishonored or unpaid for any reason, Dealer may, in its sole discretion, declare this Agreement null and void and retake the Vehicle and/or make claims against Buyer on the check. In addition, to the extent permitted by law, Buyer will pay Dealer a charge of $30 if any check Buyer gives Dealer is dishonored or any electronic payment is returned unpaid.

10. If there is a conflict between the terms and conditions of this Agreement and the terms and conditions of any Conditional Delivery Agreement signed by Buyer(s) the terms and conditions of the Conditional Delivery Agreement will control.

11. Buyer may arrange financing through Dealer or a finance source of Buyer's choosing. Buyer may be able to obtain more favorable financing from a third party. Buyer understands the annual percentage rate (APR) quoted by Dealer may be negotiable. If this Agreement shows that any part of the transaction is to be financed, Dealer may assist in submitting credit applications to third parties, for which Buyer grants permission. Dealer will not lend Buyer money or finance this transaction regardless of any notation to the contrary on any document. No agent, employee or manager of Dealer may change this policy.

12. In the event that any of the terms and conditions of this Agreement are inconsistent with the terms and conditions of any retail installment sales or lease contract between Buyer and Dealer, the term of such retail installment sales or lease contract shall apply. Each provision of this Agreement shall be severable from every other provision of this Agreement for the purpose of determining the legal enforceability of any provision hereof.

13. **IT IS BUYER'S RESPONSIBILITY TO OBTAIN INSURANCE ON THE VEHICLE.** Dealer may request insurance information from Buyer in order to register the Vehicle with the Division of Motor Vehicles (DMV) or for verifying insurance coverage. Dealer's request for insurance information does not constitute an agreement to transfer or obtain insurance coverage on the Vehicle. By signing this agreement Buyer covenants and agrees that Buyer has obtained, or will obtain, before the Vehicle is driven by anyone, insurance on the Vehicle.

14. **EACH PARTY HERETO HEREBY IRREVOCABLY, AND UNCONDITIONALLY WAIVES, TO THE EXTENT PERMITTED BY APPLICABLE LAW, TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS AGREEMENT AND ANY OTHER DOCUMENT RELATED HERETO.**

15. You shall not be entitled to recover from us any consequential or incidental damages, damages for loss of time, profits, income, or to property, as a result of this Agreement.

16. This Agreement shall be governed by the laws of the state of Texas. Venue and jurisdiction will be in the city where the dealership is physically located.



**LAW** FORM NO. LAWTX-BOARB17_e (Rev. 10/17)
© 2017 The Reynolds and Reynolds Company

Buyer Initials _____    Co-Buyer Initials _____    Page 3 of 4

THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**ARBITRATION PROVISION**

**PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

**ⅬLAW** FORM NO. LAWTX-BOARB17_e (Rev. 10/17)
© 2017 The Reynolds and Reynolds Company

Buyer Initials _____    Co-Buyer Initials _____    Page 4 of 4

THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.